# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **In re Rule 45 Subpoena Directed to Truist Securities, Inc.** | **Misc. Case No. _____**<br><br>Related Case:<br>*Pampena et al., v. Musk*,<br>No. 3:22-cv-05937-CRB (N.D. Cal.) |

## NON-PARTY TRUIST SECURITIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH

## TABLE OF CONTENTS

Introduction ........................................................................................................... 1

Background ........................................................................................................... 2

Legal Standard ...................................................................................................... 3

Argument ............................................................................................................... 4

I.      The Subpoena Is Invalid and Should Be Quashed Because Plaintiff Failed to Tender the Attendance Fees Required by Rule 45. .......................... 4

II.     The Subpoena Should Be Quashed Because It Subjects Truist to an "Undue Burden" by Seeking Irrelevant Testimony. ....................................... 5

III.    The Subpoena Should Be Quashed Because It Does Not Allow Truist Adequate Time to Prepare for a Rule 30(b)(6) Deposition. .......................... 8

Conclusion ............................................................................................................. 9

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Am. Marriage Ministries v. Google*,
  No. 21-mc-80040-SK, 2021 U.S. Dist. LEXIS 77039 (N.D. Cal. Apr. 12,
  2021) ..................................................................................................................6

*CF&I Steel Corp. v. Mitsui & Co.*,
  713 F.2d 494 (9th Cir. 1983) ...............................................................................4

*Doe v. Mast*,
  Civil Action No. 3:22cv00049, 2024 U.S. Dist. LEXIS 57918 (W.D. Va.
  Mar. 29, 2024)..................................................................................................5, 6

*Feingold v. Cardinale*,
  No. 22-cv-20375-ALTMAN/Reid, 2024 U.S. Dist. LEXIS 226838 (S.D.
  Fla. Dec. 16, 2024)...............................................................................................6

*Hannah v. Armor Corr. Health Servs.*,
  No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200 (M.D. Fla.
  June 22, 2020)......................................................................................................7

*In re Dennis*,
  330 F.3d 696 (5th Cir. 2003) ...............................................................................4

*Jordan v. Comm'r, Miss. Dep't of Corr.*,
  947 F.3d 1322 (11th Cir. 2020) ...................................................................3, 5, 7

*Kelley v. Enhanced Recovery Co., LLC*,
  Civil Action No. 15-6527 (CCC), 2016 U.S. Dist. LEXIS 140147 (D.N.J.
  Oct. 7, 2016) ........................................................................................................6

*Morton v. Lien Filers of Heath W. Williams, LLC*,
  No. 1:20-cv-3211-TWT-JKL, 2021 U.S. Dist. LEXIS 201607 (N.D. Ga.
  Aug. 19, 2021) .....................................................................................................6

*Pampena v. Musk*,
  705 F. Supp. 3d 1018 (N.D. Cal. 2023)................................................................2

*Pampena v. Musk*,
   No. 22-cv-05937-CRB, 2024 U.S. Dist. LEXIS 138528 (N.D. Cal. Aug.
   5, 2024) ...................................................................................................................6

*Scwieterman v. Caterpillar Inc.*,
   No. 1:20-CV-2611-SCJ, 2021 U.S. Dist. LEXIS 258534 (N.D. Ga. Nov.
   17, 2021) .................................................................................................................4

**RULES**

Fed. R. Civ. P. 30(b)(6).......................................................................................5, 8

Federal Rule of Civil Procedure 45 ................................................................passim

**OTHER AUTHORITIES**

USC LIBRARIES, https://libanswers.usc.edu/faq/403665 (last accessed Mar.
   19, 2025) .................................................................................................................3

## INTRODUCTION

This motion to quash concerns a subpoena for the deposition of non-party Truist Securities, Inc. ("Truist") (the "Subpoena"). It was issued by plaintiffs in a securities class action pending in California federal court between a class of former Twitter, Inc. ("Twitter") shareholders ("Plaintiffs") and Elon Musk regarding Mr. Musk's acquisition of Twitter (the "Twitter Lawsuit").[1] The Subpoena should be quashed because (i) it was not properly served, (ii) it seeks irrelevant testimony and (iii) it does not provide Truist with adequate time to prepare for a deposition.

The Subpoena was not properly served because Plaintiffs did not tender the mileage fees required by Federal Rule of Civil Procedure 45 ("Rule 45") when they served the Subpoena. While Plaintiffs' failure to tender the mileage fees does not prejudice Truist, it is a mandatory requirement under Rule 45 and Plaintiffs' failure to tender the fees renders the Subpoena invalid. The Subpoena also seeks irrelevant testimony about documents Plaintiffs already have—Truist's analyst reports. Finally, Plaintiffs served the Subpoena at the tail-end of fact discovery in the Twitter Lawsuit, so Truist has less than 15 business days to prepare a corporate witness to testify about nearly three-year-old analyst reports regarding Mr. Musk's highly complex acquisition of Twitter, which is not an adequate amount of time.

For each of these reasons, the Subpoena should be quashed.

---

[1] *Pampena, et al., v. Musk*, No. 3:22-cv-05937-CRB (N.D. Cal.).

1

## BACKGROUND

Plaintiffs commenced the Twitter Lawsuit in late 2022 on behalf of a class of Twitter shareholders who sold their stock between May 13, 2022 and October 4, 2022. *See Pampena v. Musk*, 705 F. Supp. 3d 1018, 1036 (N.D. Cal. 2023). Plaintiffs claim Mr. Musk issued false or misleading "tweets" in May 2022 regarding his ability to put his acquisition of Twitter "on hold" due to his purported discovery "that fake and spam accounts make up at least 20% of Twitter's users." *Id.* at 1054. Fact discovery in the California Litigation began in August 2024, and concludes on March 31, 2025. (Stipulation and Order Modifying Case Schedule, *Pampena, et al., v. Musk*, No. 3:22-cv-05937-CRB (N.D. Cal. Jan. 6, 2026), ECF No. 121.)

On March 5, 2025, in the last month of fact discovery in the Twitter Lawsuit, Plaintiffs suddenly served the Subpoena, which seeks a corporate deposition of Truist on March 25, 2025—less than 15 business days after the Subpoena was served. (Ex. 1.) The Subpoena seeks testimony on Truist's "securities analyst reports concerning Twitter and its stock in 2022," which are public documents Plaintiffs have in their possession. *Id.*[2]

---

[2] "Analyst reports are frequently written to provide guidance to investors as to whether to invest in specific companies or industry sectors. Reports are focused on recent financials or expected share price movements, sometimes relative to competitors in the same industry. Sometimes, reports may be referred to as: Broker research; Broker reports; Equity research; Sell-side reports; Aftermarket research.

Truist served responses and objections to the Subpoena on March 14, 2025, and Truist amended its responses and objections to the Subpoena on March 17, 2025. (Exs. 2-3.) Truist's counsel and Plaintiffs' counsel have met and conferred regarding the Subpoena. (Ex. 4.)

## LEGAL STANDARD

This Court has jurisdiction over Truist's motion to quash the Subpoena under Rule 45(d)(3)(A) because Truist's deposition was noticed to occur in Atlanta, Georgia and, thus, this Court is "the district where compliance is required."

This Court "must quash" the Subpoena if it "fails to allow reasonable time" for Truist to comply or if it "subjects" Truist "to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i), (iv). With respect to "undue burden" under Rule 45, the Eleventh Circuit has explained that "[w]hile Rule 45 does not specifically identify irrelevance as a reason to quash a subpoena, it is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020). Thus, "a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information." *Id.*

---

These terms are often used interchangeably. Investment banks employ financial analysts or security analysts who are experts in evaluating companies and providing 'buy', 'sell' or 'hold' recommendations," and these financial analysts or security analysts author the analyst reports. *Q. Where can I find analyst reports?*, USC LIBRARIES, https://libanswers.usc.edu/faq/403665 (last accessed Mar. 19, 2025).

3

# ARGUMENT

## I. The Subpoena Is Invalid and Should Be Quashed Because Plaintiff Failed to Tender the Mileage Fees Required by Rule 45.

"Serving a subpoena" to depose a non-party under Rule 45 "***requires*** delivering a copy to the named person and, if the subpoena requires that person's attendance, ***tendering*** the fees required for 1 day's attendance and ***the mileage allowed by law***." (emphasis added.) Here, Plaintiffs tendered the required attendance fee but Plaintiffs did not tender "the mileage allowed by law." Plaintiffs' failure to tender the mileage fee does not prejudice Truist, but tendering the mileage fee is, nevertheless, a mandatory requirement under Rule 45.[3] As such, "the prior precedent of this district . . . holds that the subpoena is invalidated by the failure to tender the required witness fee." *Scwieterman v. Caterpillar Inc.*, No. 1:20-CV-2611-SCJ, 2021 U.S. Dist. LEXIS 258534, at *5-6 (N.D. Ga. Nov. 17, 2021) (granting motion to quash). For this reason alone, the Subpoena is invalid and Truist's motion to quash should be granted.

---

[3] *See, e.g.*, *In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) (affirming decision granting motion to quash and holding "the subpoena was not properly served" because the party who issued the subpoena "tendered the forty-dollar fee with the subpoena but did not tender the mileage allowance," and while "the allowance would have been less than five dollars, because [the witness] lived just a few miles from the deposition site," Rule 45(b)(1) "contains no *de minimis* exception"); *CF&I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983) (affirming decision granting motion to quash because "the plain meaning of" Rule 45(b)(1) "requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena").

## II. The Subpoena Should Be Quashed Because It Subjects Truist to an "Undue Burden" by Seeking Irrelevant Testimony.

The Subpoena should also be quashed because it seeks irrelevant testimony and, thus, "subjects" Truist "to an undue burden." (Fed. R. Civ. P. 45(d)(3)(A)(iv)); *Jordan*, 947 F.3d at 1329 (affirming decision granting motion to quash because "a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information").

The Subpoena identifies Truist's "securities analyst reports concerning Twitter and its stock in 2022" as the sole topic of Truist's deposition.[4] Those reports, however, are public, and Plaintiffs already have them. Moreover, "Plaintiffs do not argue that" Truist's "Rule 30(b)(6) deposition would provide additional useful information beyond what the documents themselves provide." *Doe v. Mast*, Civil Action No. 3:22cv00049, 2024 U.S. Dist. LEXIS 57918, at *17-19 (W.D. Va. Mar. 29, 2024). Instead, Plaintiffs are seeking Truist's deposition to elicit testimony that will "repeat the same information" from the analyst reports "in some testimonial form" in order "to resolve potential hearsay issues" regarding the admissibility of the analyst reports at trial. *Id.*; (Ex. 4 at 1.) But that is not enough to justify a non-party Rule 30(b)(6) deposition and the Subpoena should, therefore, be quashed.

---

[4] Through the meet-and-confer process, Plaintiffs narrowed this topic to four Truist analyst reports concerning Twitter that were published in 2022. (Ex. 4 at 1.)

*Doe*, 2024 U.S. Dist. LEXIS 57918, at \*17-19 (granting motion to quash non-party deposition subpoena). Indeed, "courts routinely refuse to enforce deposition subpoenas . . . where the testimony sought would be duplicative of records that have already been produced, or when a party or public source can just as readily provide the same information." *Am. Marriage Ministries v. Google*, No. 21-mc-80040-SK, 2021 U.S. Dist. LEXIS 77039, at \*4-5 (N.D. Cal. Apr. 12, 2021).[5] After all, "it goes without saying" that "requesting duplicative and irrelevant information imposes an undue burden on a nonparty." *Feingold v. Cardinale*, No. 22-cv-20375-ALTMAN/Reid, 2024 U.S. Dist. LEXIS 226838, at \*21-22 (S.D. Fla. Dec. 16, 2024) (granting motion to quash deposition subpoena where the party issuing the subpoena "already possesse[d] many of the documents or similar documents that will be the subject of [the] testimony").[6]

Plaintiffs may alternatively claim that they are seeking Truist's testimony as a means of testing Mr. Musk's potential "truth on the market"-style defenses.[7]

---

[5] *See also, e.g.*, *Morton v. Lien Filers of Heath W. Williams, LLC*, No. 1:20-cv-3211-TWT-JKL, 2021 U.S. Dist. LEXIS 201607, at \*9 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where the information sought could be obtained from other sources); *see Kelley v. Enhanced Recovery Co., LLC*, Civil Action No. 15-6527 (CCC), 2016 U.S. Dist. LEXIS 140147, at \*9 (D.N.J. Oct. 7, 2016) (same).

[6] Notably, here, Plaintiffs refused any alternatives to a deposition of Truist, such as a written affidavit or certification of business records. (Ex. 4 at 1.)

[7] *See, e.g.*, *Pampena v. Musk*, No. 22-cv-05937-CRB, 2024 U.S. Dist. LEXIS 138528, at \*7 (N.D. Cal. Aug. 5, 2024) (explaining that in his motion to dismiss and

6

In other words, Plaintiffs may claim to be seeking testimony on whether Truist's research analysts believed Mr. Musk was entitled to delay or avoid his proposed acquisition of Twitter.  It is "irrelevant and disproportional to the needs of the case," however, for Plaintiff to "seek[] to get" Truist's "position" on Mr. Musk's potential summary judgment or trial defenses.  *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596-T-60SPF, 2020 U.S. Dist. LEXIS 109200, at *10-12 (M.D. Fla. June 22, 2020) (granting motion to quash deposition subpoena where non-party "aptly described Plaintiff's discovery efforts as attempting to utilize" the non-parties PCSO "as de facto experts against" defendants, and "[i]ndeed, Plaintiff states that, in anticipation of [defendant] arguing at summary judgment or at trial that . . . whatever duties he had were alleviated, Plaintiff seeks to get the [non-parties'] 'position' on that same issue.").

In all, the Subpoena seeks testimony that is duplicative of the information Plaintiffs already have from Truist's analyst reports.  Thus, the Subpoena seeks irrelevant testimony and it should be quashed because it would subject Truist to an "undue burden" under Rule 45.  (Fed. R. Civ. P. 45(d)(3)(A)(iv)); *Jordan*, 947 F.3d at 1329 (affirming decision granting motion to quash because "a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information").

---

motion for judgment on the pleadings, Mr. Musk argued that "investors knew he was not entitled to the bot data because the Merger Agreement was publicly available, and so his statements were not materially misleading").

## III. The Subpoena Should Be Quashed Because It Does Not Allow Truist Adequate Time to Prepare for a Rule 30(b)(6) Deposition.

Finally, the Subpoena should be quashed because it does not provide Truist with adequate time to prepare a corporate witness for a Rule 30(b)(6) deposition. (*See* Fed. R. Civ. P. 45(d)(3)(A)(i).) The Subpoena was served on March 5, 2025, and it seeks testimony on March 25, 2025,[8] leaving Truist with less than 15 business days to prepare a corporate representative to give testimony about analyst reports published nearly three years ago regarding Mr. Musk's highly complex acquisition of Twitter. Moreover, Plaintiffs' last-minute decision to issue the Subpoena at the tail-end of fact discovery in the Twitter Lawsuit is inexcusable because Truist's analyst reports about Twitter were at least available and potentially even known to Plaintiffs long before the Subpoena was issued.

Plaintiffs have had more than six months to conduct fact discovery in the Twitter Lawsuit, and they could have served the Subpoena with ample time for Truist to prepare a corporate witness. Truist should not now be burdened with preparing a corporate witness on short notice due to Plaintiffs' inexcusable delay.

For this additional and independent reason, the Subpoena should be quashed. (*See* Fed. R. Civ. P. 45(d)(3)(A)(i).)

---

[8] Truist's counsel and Plaintiffs' counsel have met and conferred about the date of the deposition (Ex. 4 at 1) but, in any event, the deposition cannot occur later than March 31—four business days after the noticed date—due to the fact discovery deadline in the Twitter Lawsuit.

8

## CONCLUSION

For the reasons explained herein, Truist's motion to quash should be granted.

Respectfully submitted this 19th day of March, 2025.

               **ALSTON & BIRD**

               */s/* Timothy J. Fitzmaurice
               Timothy J. Fitzmaurice
               Ga. Bar No. 241959
               tim.fitzmaurice@alston.com
               1201 West Peachtree Street
               Atlanta, Georgia 30309
               Telephone:   404-881-7000
               Facsimile:   404-881-7777

               *Counsel for Non-Party Truist Securities, Inc.*

## **LOCAL RULE 7.1D CERTIFICATION**

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

**ALSTON & BIRD**

*/s/* Timothy J. Fitzmaurice
Timothy J. Fitzmaurice
Ga. Bar No. 241959
tim.fitzmaurice@alston.com
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone:  404-881-7000
Facsimile:   404-881-7777

*Counsel for Non-Party Truist Securities, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2025, I caused the foregoing document to be electronically filed via CM/ECF and served on the foregoing counsel of record in the Twitter Litigation via electronic mail and overnight UPS:

COTCHETT, PITRE & MCCARTHY
Joseph W. Cotchett
jcotchett@cpmlegal.com
Mark C. Molumphy
mmolumphy@cpmlegal.com
Tyson C. Redenbarger
tredenbarger@cpmlegal.com
Gia Jung
gjung@cpmlegal.com
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
fbottini@bottinilaw.com
Albert Y. Chang
achang@bottinilaw.com
Aaron Arnzen
aarnzen@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro
alexspiro@quinnemanuel.com
Jesse A. Bernstein
jessebernstein@quinnemanuel.com
Jonathan E. Feder
jonathanfeder@quinnemanuel.com
295 Fifth Ave, New York, NY 10016

Michael T. Lifrak
michaellifrak@quinnemanuel.com
Joseph C. Sarles
josephsarles@quinnemanuel.com
Alex Bergjans
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Nathan Archibald
nathanarchibald@quinnemanuel.com
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, Utah 84121

**ALSTON & BIRD**

*/s/* Timothy J. Fitzmaurice
Timothy J. Fitzmaurice
Ga. Bar No. 241959
tim.fitzmaurice@alston.com
1201 West Peachtree Street
Atlanta, Georgia 30309

Telephone: 404-881-7000
Facsimile: 404-881-7777

*Counsel for Non-Party Truist Securities, Inc.*